UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LASANDRA NORMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18 CV 204 |
| | ) |
| THE CITY OF LAKE STATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

Plaintiff Lasandra Norman ("Norman" or "plaintiff") brings multiple claims against defendants "the City of Lake Station, Indiana," "Officer Allen Troy" and "Officer McCann Kev" of the Lake Station Police Department,[1] and "the City of Crown Point, Indiana." (DE # 4 at 1.) The matter is now before the court on the City of Crown Point's motion to dismiss (DE # 13), plaintiff's request for an emergency hearing (DE # 19), and plaintiff's motion for default judgment (DE # 23). For the reasons set forth below, defendant's motion to dismiss will be granted, and plaintiff's motions will be denied.

**I.    BACKGROUND**

Plaintiff alleges that on December 29, 2017, she was pulled over by Officer Allen for speeding. (DE # 4 at 6.) Officer Allen performed a field sobriety test after which he told Norman she was "over the legal limit to drive." (*Id.*) However, plaintiff says she

---

[1] The two individual officers have not appeared in the case. The City of Crown Point refers to the officers as "Troy Allen" and "McCann." For the purposes of this order, the court will refer to them as "Officer Allen" and "Officer McCann."

was "not drunk at all." (*Id.*) She alleges Officer Allen searched her body, placed her in handcuffs that were too tight, and put her in a police car. (*Id.* at 6–7.) She also asserts that she was never read her *Miranda* rights. (*Id.* at 7.) According to plaintiff, Officers McCann and Allen used racial slurs when speaking to her, at this time. (*Id.*)

Officer McCann transported plaintiff to the Lake Station Police Department, and later, to the Lake County Jail. (*Id.*) While in jail, plaintiff alleges she was treated as follows:

> I was attacked by four officers three men and one girl who has a short cut like a boy. I do not know their names but do know the faces of them. The officers bent my wrist back very hard, and pushed in my back so hard I threw up blood. They held me still for what I don't know? I was denied a cover to keep warm while in a holding cell and laid on bricks of steel.

(*Id.* at 8.)

Based on these incidents, plaintiff filed a *pro se* complaint in this court on May 25, 2018. (DE # 1.) The court reviewed the complaint, and found that plaintiff failed to state a claim. (DE # 3 at 2.) However, rather than dismissing the case, the court granted plaintiff leave to file an amended complaint. (*Id.* at 3.) On June 21, 2018, plaintiff filed her first amended complaint. (DE # 4.) The amended complaint lists numerous claims: (1) failure to provide due process, (2) unlawful search and seizure of person and property, (3) false arrest, (4) lack of jurisdiction, (5) malicious prosecution, (6) use of excessive force, (7) excessive filing of criminal charges, (8) excessive bond, (9) an issue related to plea bargains, (10) illegal search of a female by a male officer, (11) cruel and unusual punishment, (12) intimidation tactics, (13) pain and suffering, (14) defamation

of character, (15) excessive criminal folder, (16) unconstitutional probation fees, (17) citizen control tactics, (18) refusing medical services while in custody, (19) racial bias, and (20) stress and worries. (DE # 4 at 4–5.)

On August 3, 2018, defendant City of Crown Point filed a motion to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE # 13.) Plaintiff has responded to the motion. (DE # 17.) Plaintiff also filed a motion for an emergency hearing (DE # 19) and a motion for default judgment against the defendants other than the City of Crown Point (DE # 23). No responses were filed to either of those motions. The time has now passed for all responses and replies to be filed to the pending motions, and the motions are ripe for ruling. See N.D. Ind. L.R. 7-1, 56-1.

## II. LEGAL STANDARD

Defendant has moved to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. A judge reviewing a complaint under a Rule 12(b)(6) standard must construe it in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences in the non-movant's favor. *Erickson v. Pardus* , 551 U.S. 89, 93 (2007); *Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010). Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a), "the statement need only 'give the

3

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662–63 (7th Cir. 2011); *Twombly,* 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities). As the Seventh Circuit recently explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

### III. DISCUSSION

The City of Crown Point, Indiana, moves for dismissal on the grounds that the amended complaint contains no allegations against any officers or other officials of the

4

City of Crown Point or the Crown Point Police Department. (DE # 14 at 6–7.) The sole allegation in the amended complaint pertaining to the City of Crown Point is that the alleged attack took place in the "Crown Point Jail." (DE # 4 at 8.) However, elsewhere in her complaint, plaintiff says she was taken to the "Lake County Jail" on the day of the incident. (*Id.* at 7.) Moreover, the Lake Station Police Department Report of this incident—which plaintiff attaches to her initial complaint (DE # 1 at 8–11) and references in the amended complaint (DE # 4 at 5)—makes it clear that plaintiff was placed in the Lake County Jail. (DE # 1 at 9.) *See American Commercial Lines LLC v. Lubrizol Corp.*, No. 14:12-cv-00135-SEB-WGH, 2014 WL 6673606, at *1 (S.D. Ind. Nov. 24, 2014) (recognizing that, under Seventh Circuit law, district courts may consider attachments to pleadings for the purposes of Rule 12(b)(6) motions).

Regardless, in her response brief, plaintiff concedes that the alleged attack occurred in the Lake County Jail. (*See* DE # 17 at 2–3.) However, she maintains that her claims against Crown Point should survive because the Lake County Jail is located in the City of Crown Point and, therefore, the City "ha[s] everything to do with it." (*Id.* at 3.) Nevertheless, the location of the Jail does not make the City of Crown Point liable.

This same issue arose in another case in this district: *Coulter v. Freeman*, No. 2:08-CV-7, 2008 WL 1882812, *3 (N.D. Ind. Apr. 23, 2008). In *Coulter*, a pretrial detainee brought suit against the City of Crown Point under 42 U.S.C. § 1983 for alleged violations of his constitutional rights that occurred in the Lake County Jail. *Id.* at *1–2. In his decision, Judge Rudy Lozano recognized "under Indiana law a county jail is under

5

the supervision of the county sheriff, the responsibility of administering and operating the jail is placed solely on the sheriff, and the sheriff is responsible for the care of the prisoners confined there." *Id.* at *3. Judge Lozano dismissed the claims against the City of Crown Point, and concluded "[t]he city of Crown Point is not a proper defendant under any theory because, other than being geographically located in Crown Point, there is no connection between the city and the operation of the jail." *Id.*

In the case at hand, plaintiff makes specific allegations that Lake Station police officers and individuals at the Lake County Jail violated his rights or are otherwise liable. However, for the reasons stated above, the City of Crown Point has no actionable connection to those entities. Because plaintiff makes no allegations against any officers or officials of the City of Crown Point, she has failed to state a claim against the City and the motion to dismiss will be granted.

Additionally, plaintiff moves for "judgment by default" against the remaining defendants. (DE # 23.) However, the court cannot enter a *default judgment*, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, at this time. Before the default judgment may be entered, the clerk must enter the parties' *default* pursuant to Rule 55(a). *See UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 841 (S.D. Ill. 2006) ("Obtaining a default judgment entails two steps. First, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then

6

seek entry of a default judgment against the defaulting party."). Since the clerk has not yet entered default, the motion for default judgment is denied.

Lastly, plaintiff has filed a request for an emergency hearing. (DE # 19.) Plaintiff does not wish to argue any specific motion at the proposed hearing. (*See id.*) Rather, she seeks the hearing "for justice." (*Id.* at 1.) It appears plaintiff wants a hearing to resolve the entirety of her case (*i.e.,* a trial). Plaintiff ultimately has a right to a trial by jury. *See* Fed. R. Civ. P. 38(a). However, plaintiff cannot use a request for an emergency hearing to get an immediate trial on her claims. Since there are no pending motions requiring a hearing, this request is denied.

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** the City of Crown Point's motion to dismiss (DE # 13), **DENIES** plaintiff's request for an emergency hearing (DE # 19), and **DENIES** plaintiff's motion for default judgment (DE # 23). The case is **DISMISSED as to the City of Crown Point, only.** The case remains pending against defendants Allen Troy, McCann Kev, and the City of Lake Station, Indiana.

**SO ORDERED.**

Date: November 30, 2018

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT