UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LASANDRA NORMAN,

    Plaintiff,

    v.

CITY OF LAKE STATION, INDIANA,
TROY ALLEN, and KEV MCCANN,

    Defendants.

CASE NO.: 2:18-cv-204-PPS-JEM

## OPINION AND ORDER

Lasandra Norman has sued various defendants, including the City of Lake Station, Indiana, Troy Allen and Kev McCann, both of whom were apparently police officers with the Lake Station Police Department at the time of the incident in question. [DE 1.] Norman alleges that she was unconstitutionally searched and arrested by those officers and suffered other compensable injuries as a result of their actions. But the merits of those allegations aren't presently at issue. Instead, this matter is before me on defendants' Motion to Set Aside the Entry of Default which has been granted against them for failing to respond to this lawsuit for more than a year. [DE 35.]

**Background**

Proceeding without a lawyer, Ms. Norman filed her case on May 25, 2018 and soon thereafter amended her complaint. [DE 1, 4.] The Court granted her leave to proceed *in forma pauperis*, and ordered the amended complaint served on the defendants by the United States Marshal Services. [DE 6.] Service of the summons and

complaint was affected by certified mail on defendants Allen, McCann and the City of Lake Station soon thereafter. [DE 8, 9, and 11.] But none of these defendants ever responded or entered an appearance in the case. In fact, it was radio silence from all three defendants for more than a year. On December 11, 2018, the Clerk entered a default against the defendant City of Lake Station. A default against defendants Allen and McCann was entered on August 13, 2019. [DE 38.] In their motion to set aside the default, defendants state that Ms. Norman did not provide copies of any of these orders to them, although they do not dispute that they were in fact served with the complaint.

On August 5, 2019, I gave Ms. Norman a deadline of September 6, 2019 to file evidence of her damages—a necessary component before this case could possibly proceed from an entry of default to a default judgment. [DE 35.] I also ordered that my August 5 order be served on the defendants, effectively giving them one last chance to respond to this lawsuit that had already been pending for more than a year. [*Id.*] On August 14, 2019, three attorneys entered appearances on behalf of defendants Allen, McCann and the City of Lake Station. [DE 39-41.] A week later, on August 21, 2019, these defendants filed their motion to set aside the entries of default. [DE 44.] Ms. Norman has not responded directly to that motion, but this matter is ripe for decision.

**Discussion**

Relief from entry of a default requested prior to entry of judgment is governed by Federal Rule of Civil Procedure 55(c) which provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). A defendant seeking to have a default set aside must show: (1) good cause to why the default should be set aside (*i.e.*,

adequately explain why they failed to respond to the lawsuit), (2) quick action to correct the default, and (3) the existence of a meritorious defense to the complaint. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). The defaulting party must show that there is a reasonable explanation for the default that does not evidence willfulness. *Passarella v. Hilton Int'l Co.,* 810 F.2d 674, 678 (7th Cir. 1987). The defaulting party, therefore, must demonstrate that the default resulted from "mistake, inadvertence, surprise, or excusable neglect ...." *Id.* at 676. Entries of default are often set aside when a party seeks it because the court system has a "policy of favoring trial on the merits over default judgment." *Cracco*, 559 F.3d at 631; *id.* (describing "the lenient standards" for setting aside entries of default under Rule 55(c)).

Before diving into the merits, it's worth mentioning the difference between the entry of default, on the one hand, and default judgments on the other. The standard for setting aside the entry of default and the standard for vacating a default judgment are the same. *See, e.g., United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir. 1989). But the standard is applied in a more stringent way when a default judgment has been entered. This is sensible given the text of Rule 55(c) which clearly makes a distinction between entries of default and default judgments. Vacating a default judgment is more difficult because Rule 60(b) and its "respect for the finality of judgments" comes into play. *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). Thus, in the context of a motion to vacate a default judgment, a party must show "something more compelling than ordinary lapses of diligence or simple neglect. . . ." *Id.* In other words, to vacate a default judgment, the defaulting party must surmount a "high hurdle." *Id*. By contrast, when a party is

seeking to set aside a clerk's entry of default, the test is "more liberally applied." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994).

With these standards in mind, let's dive in and see if the defendants have made a sufficient showing. Attached to the defendants' motion is the affidavit of Linda Taylor, the executive secretary for the City of Lake Station's Mayor's Office. [*See* DE 44-1.] In this affidavit, Ms. Taylor states that she is the person responsible for sorting and processing mail for the City. The affidavit does not explain the circumstances exactly as to why or how the summons and complaint in this case were misplaced but suggests a mistake or error on the part of the assistant to the mayor who is generally responsible for distributing legal mail to the necessary parties, including the City's insurance carrier and the Lake Station Police Department. [*Id.* at ¶¶ 3-5.] In any event, it seems to be the case that the summons and complaint in this case was misplaced or lost in transit after it was received by the City of Lake Station. There is no evidence of willfulness on the part of any defendant and this appears to be a situation of a general mistake. Ms. Taylor further states that she received nothing else related to this lawsuit until she received this Court's August 5, 2019 Order. [*Id.* at ¶¶ 6-8.] With no evidence to the contrary, I accept the statements made in Ms. Taylor's affidavit. It constitutes good cause. *See, e.g.*, *Sims v. EGA Products*, 475 F.3d 865 (7th Cir. 2007).

Next, I must analyze the defendants' efforts to cure the default. Within two weeks of this Court's August 5, 2019 Order, the defendants received the order, obtained legal counsel, filed their appearances and on August 21, 2019, filed their motion to set the default aside. That is prompt action, especially as it relates to the individual

defendants who did not have a default entered against them until August 13 because Ms. Norman (who again, is proceeding *pro se*) failed to seek a default against the individual officers at the same time she promptly sought her default against the City of Lake Station. [*See* DE 35 (discussing case history).] This was prompt enough action and satisfies the low burden of Rule 55(c).

Third, I must address whether defendants have a meritorious defense. Defendants state that as a result of the arrest at issue in Ms. Norman's complaint, she has been found guilty of operating a motor vehicle while intoxicated in an Indiana state court. [*DE* 44 at ¶ 15.] That of course doesn't necessarily mean her arrest was without violations of her constitutional rights. Defendants further state that her complaint does not contain any violations beyond mere unpleasantness on the part of the arresting officers. While that isn't entirely persuasive, and I'm certainly not expressing any view on the ultimate merits of this case, it is at least a plausible defense and not frivolous on its face. In other words, it "cannot be characterized as so conclusory as to be fatal." *Cracco*, 559 F.3d at 631. It sufficiently notifies the plaintiff of the defendants' expected defense and provides some factual basis for the defense. That is enough at this stage. *Id.* The actual merits of that defense, however, will be handled at another time upon an appropriate motion or at trial.

There is one last matter to address. Ms. Norman filed a letter with the Court shortly after the defendants' attorneys entered their appearances. [DE 43.] In this letter, she attached the defendants' counsels' entries of appearance (which were served on her via mail) and stated that she viewed these as "intimation tactics" and that she "will not

have nothing to do with this firm." [DE 43.] The letter furthermore contains some rather incendiary language and disparaging comments about defendants' attorneys. Ms. Norman is admonished that in these proceedings she must conduct herself with the utmost professionalism, regardless of her feelings of having been seriously wronged by the defendants. The Court will not tolerate otherwise.

Ms. Norman has chosen to represent herself in this lawsuit instead of hiring an attorney. That is her right, but with that right comes a responsibility. As this matter will have to be fully litigated, including a potential trial, Ms. Norman will be responsible for being in contact with defendants' attorneys. She must also have contact with defendants' attorneys in order to facilitate a potential settlement of the case. If she personally does not want to have contact with the defendants' lawyers, she will have to hire her own attorney to handle the case.

**Conclusion**

For the foregoing reasons, defendants Troy Allen, Kevin McCann, and the City of Lake Station's Motion to Set Aside the Entry of Default is GRANTED. These defendants are ORDERED to answer or otherwise respond to the allegations of Plaintiff Lasandra Norman's Amended Complaint within 21 days after entry of this order.

SO ORDERED on November 21, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT