UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

LASANDRA NORMAN,

        Plaintiff,

        v.                      CASE NO. 2:18CV204-PPS\JEM

CITY OF LAKE STATION, INDIANA,
TROY ALLEN, and KEV MCCANN,

        Defendants.

**OPINION AND ORDER**

Due to a series of mostly procedural missteps by all parties involved, this case has not proceeded past the pleading stage, despite being filed more than two years ago. Perhaps I am to blame for allowing it to go on like this by excusing many missed deadlines and other errors. But my efforts to have this case decided on the merits, not on procedural defaults or technicalities is at an end. Currently pending before me is a motion to dismiss the second amended complaint. [DE 66.] Despite construing Plaintiff Lasandra Norman's pleadings as liberally as I can, she has still not alleged a plausible claim. Accordingly, I will grant the defendants' motion and dismiss this case, with prejudice.

**Background**

The facts of this case are straightforward. Norman, representing herself, sued the City of Lake Station as well as two police officers with the Lake Station Police Department. [DE 65.] Norman was arrested by the officers for drunk driving and was

later convicted at a trial in state court. While Norman's original complaint made a host of potential claims, I previously dismissed nearly all of them. [DE 56.] Thus, the only claim at issue is Norman's claim that the way she was handcuffed during her arrest was unconstitutional. [DE 65.]

The procedural history of this case, however, is more complicated. I'll sum it up as succinctly as I can. After Norman filed her lawsuit, she served it on the defendants, but due to some mistakes on the part of the City of Lake Station, the lawsuit was never responded to. After the Clerk of Court entered a default (but before the entry of a default judgment), Lake Station finally caught wind of the lawsuit and entered an appearance. [*See* DE 35-44.] Defendants moved to set aside the default and later moved to dismiss Norman's amended complaint. I granted both of those motions but gave Norman an opportunity to re-plead one of her claims because it was potentially plausible. [DE 45, 56.] This is a claim relating to how she was handcuffed during her arrest. [DE 56 at 15-16.] But despite explaining what Norman needed to do in order to properly allege a claim, she did not file a second amended complaint in any recognizable fashion.

Instead, she filed a document confusingly labeled a motion for summary judgment in which she stated she was seeking to enforce a default judgment despite never having obtained a default judgment in this case (as previously explained to her). [DE 57.] In response, Lake Station asked that I strike Norman's filing and dismiss the case because Norman had failed to file a second amended complaint. [DE 58.] Norman failed to respond to this motion in substance, so I granted the motion. [DE 60.] She then

-2-

told me that she intended for her filing to be an amended complaint, that she had misunderstood my prior order, and asked that I grant her relief from judgment. [DE 62.] Because Norman is proceeding *pro se*, and because I previously gave Lake Station a second chance after it failed to respond to this lawsuit originally, and finally because my preference is to have cases decided on the merits (not technical defaults or procedural missteps), I allowed Norman a final chance to plead the one potentially plausible claim she had. [DE 64.] On August 27, 2020, Norman filed her second amended complaint. [DE 65.] On September 9, 2020, the defendants moved to dismiss. [DE 66.] Plaintiff responded and defendants replied. The matter is now ripe and ready to be resolved.

## Discussion

In order to survive a motion to dismiss, a complaint must state sufficient factual matter to show that the plaintiff is entitled to relief and that her claims are plausible. "In reviewing the sufficiency of a complaint under the plausibility standard..., we accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). The allegations and facts "must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). The claims must be more than merely "conceivable" in order to proceed beyond the pleading stage. *Id.* ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). But "a document filed *pro se* is to be liberally

construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

So let's review the complaint. Norman was arrested after being pulled over on suspicion of drunk driving (a crime of which she was later convicted). The only claim before me is whether that the way Norman was handcuffed was unconstitutional.[1] The only allegations relating to handcuffs in the present complaint are that Norman was "double locked" in handcuffs with her hands behind her back for about 20 minutes, presumably on the scene where she was pulled over and then while she was transported to the police station [DE 65 at 1.] She was then handcuffed again when being transported from the police station to jail "for about 40 minutes." [*Id.*] That is all that is pled.

The Seventh Circuit has held that where "there is no indication that…[an] arrest was effected in an unusual or improper manner, the excessive-force claim has no possible merit." *Braun v. Baldwin*, 346 F.3d 761, 763 (7th Cir. 2003). In order to adequately state a claim that a police officer's otherwise ordinary use of handcuffs during an arrest constitutes excessive force it must have been "objectively clear that the handcuffs would injure or harm the arrestee." *Townsel v. Jamerson*, 240 F. Supp. 894, 903 (N.D. Ill. 2017) (citing *Stainback v. Dixon*, 569 F.3d 767, 773 (7th Cir. 2009). A plaintiff

---

[1] In my opinion on the first motion to dismiss, I dismissed all of Norman's other claims as being barred as a matter of law. [DE 56 at 15-16.]

must also identify who actually handcuffed them. *See Muhammad v. Village of S. Holland*, No. 12-CV-275, 2013 WL 1788448, at *4 (N.D. Ill. Apr. 25, 2013).

Norman does not allege which officer handcuffed her, that she complained to officers about her handcuffs being too tight, that any force was used, or that she suffered any physical injuries as a result. And the amount of time she was placed in handcuffs is not out of the ordinary in light of the need to transport her to the police station and then to jail post-arrest. In sum, this appears on its face to have been a routine arrest and Norman has not described any conduct which would constitute excessive force. She therefore fails to state a claim. *See Annan v. Village. of Romeoville*, No. 12 C 3577, 2013 WL 673484, at *4 (N.D. Ill. Feb. 25, 2013) (dismissing claim premised on application of handcuffs because plaintiff failed to "plead some facts that describe the force the officers used in executing the arrest"). Because of this fundamental deficiency in Norman's pleading, I need not address defendants' remaining arguments.

## Conclusion

For the foregoing reasons, defendants' motion to dismiss the second amended complaint [DE 66] is GRANTED. Because Norman has now had multiple opportunities to plead a plausible complaint but failed to do so, allowing any further amendments would be futile. This will be a dismissal with prejudice. The Clerk is DIRECTED to enter judgment for the defendants and close the case.

SO ORDERED on September 21, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT